IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL F. KAFRISSEN, et al. : CIVIL ACTION

v. :

BRITTA KOTLIKOFF, et al. : NO. 08-2326

## MEMORANDUM ORDER

AND NOW, this 25th day of January, 2011, upon consideration of defendants' Motion in Limine of counterclaim defendants and third party defendant to preclude evidence concerning the counterclaims sounding in tort, certain distributions made prior to April 3, 2006, and tortious conduct prior to April 3, 2007 (Doc. No. 112) (the "Motion"), plaintiffs' response (Doc. No. 121) and supplemental responses (Doc. Nos. 122, 123), and defendants' supplemental response (Doc. No. 124)[1], it is hereby

## ORDERED

that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### A. Distributions Made Prior to April 3, 2006

The Motion is denied insofar as it seeks to preclude a challenge to distributions made prior to April 3, 2006, based on a three year statute of limitations[2] found in New Jersey's Limited Liability Corporation Act ("LLC Act"), N.J.S.A. § 42:2B-42(c), which provides as follows:

> Unless otherwise agreed, a member who receives a distribution from a limited liability company shall have no liability under this act or other applicable law for

---

[1] For the duration of this trial, Mrs. Kotlikoff, individually and as executrix of the Estate of Louis J. Kotlikoff, will be referred to as plaintiffs, and the Kafrissens will be referred to as defendants.

[2] The counterclaim in this case was filed on April 3, 2009 (Doc. No. 24).

> the amount of distribution after the expiration of three years from the date of the distribution . . . .

Plaintiffs' allegations of unauthorized taking of funds by Samuel Kafrissen do not fall within the definition of distribution under the LLC Act, so that they would be subject to the three-year statute of limitations. Instead, the allegations plaintiffs make are in the nature of the alleged misappropriation of funds by a member of the LLC. This type of allegation is not the type of distribution which is subject to the three-year statute of limitations. Rands, LLC v. Young (In re Young), 384 B.R. 94, 101-02 (Bankr. D.N.J. 2008). In Rands, the court found that a member of the LLC who took money for personal use, was not acting for the benefit or on behalf of the LLC, but in a self-interested manner, and thus could not be acting in his capacity as a member of the LLC. Id. Thus, the court held that the New Jersey LLC Act's three-year limitations period was not applicable.

### B. Common Law Torts

After review of the proposed jury instructions and supplemental response submitted by plaintiffs, and the oral argument on January 21, 2011, it is apparent that plaintiffs are pursuing two common law torts alleged in their counterclaim: (1) breach of fiduciary duty; and (2) fraud.[3] Defendants allege that these torts are precluded under New Jersey's economic loss doctrine, which generally "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995) (applying Pennsylvania law). See also Chen v. HD

---

[3] In plaintiffs' supplemental brief (Doc. No. 123), it now appears that plaintiffs are not pursuing claims of fraud in their counterclaim. However, since the matter is unclear, the court will proceed here assuming that plaintiffs will pursue claims of fraud at trial.

Dimension, Corp., 2010 WL 4721514, at *8 (D.N.J. Nov. 15, 2010) (same, applying New Jersey law and quoting Duquesne, 66 F.3d at 618); Soto v. Quicken Loans, Inc., 2010 WL 5169024, at *6 (D.N.J. Dec. 14, 2010) (discussing economic loss doctrine under New Jersey law). However, this general rule does not apply when the breaching party owes an independent duty imposed by law. See Saltiel v. GSI Consultants, Inc., 788 A.2d 268, 280 (N.J. 2002). In that situation, the plaintiff may proceed under tort as well as contract. See McRory v. Zappolo, 2007 WL 3227177, at *3-4 (D.N.J. Oct. 29, 2007).

New Jersey law recognizes that there is a fiduciary duty between partners and joint-adventurers, especially when one assumes a managerial role. See Silverstein v. Last, 383 A.2d 718, 721 (N.J. Super. A.D. 1978). See also Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 100-01 (3d Cir. 2001) (applying Pennsylvania law and holding that a majority shareholder in a joint venture is "expected to conform to the highest standards of conduct," and "[w]hen occupying such a position, it is a breach of fiduciary duty to act to benefit oneself at the expense of the minority shareholder"), cert. denied, 534 U.S. 1162 (2002); Silverstein, 383 A.2d at 721 (A managing joint adventurer, like a managing copartner, has the "strictest possible obligation to a coadventurer since the mutual affairs are delegated to his supervision and control without expectation or anticipation by . . . routine . . . monitoring on the part of the nonmanaging venturer."). Here, the evidence shows that Mr. Kotlikoff and Samuel Kafrissen entered into this type of joint venture business relationship, with Mr. Kafrissen assuming a managerial role both

before and after Mr. Kotlikoff's death. Thus, plaintiffs are not barred from pursuing a breach of fiduciary duty claim at trial and, in this respect, the Motion is **DENIED**.[4]

On the other hand, plaintiffs' fraud claim is barred by the economic loss doctrine since it is based on a claim of fraud in the execution of the contract. See Touristic Enterprises Co. v. Trane Inc., 2009 WL 3818087, at *2 (D.N.J. Nov. 13, 2009) (Fraud claims that are extrinsic to the underlying contract, and consequently not barred by the economic loss doctrine, are for fraudulent inducement. Fraud claims intrinsic to the contract, based solely on the failure to perform, generally are barred by the economic loss doctrine.). See also Rainbow Apparel, Inc. v. KCC Trading, Inc., 2010 WL 2179146, at *10 (D.N.J. May 26, 2010) ("When analyzing the permissibility of fraud claims under the economic loss doctrine, New Jersey state and federal courts have drawn a distinction between allowable claims 'extrinsic to the contract,' such as those alleging 'fraud in the inducement' of a contract, and impermissible claims based upon a fraud in the performance of the contract.") (internal quotation omitted). Accordingly, the Motion with respect to plaintiffs' fraud claims is **GRANTED**.

### C. Tortious Conduct Prior to April 3, 2007

Defendants argue that plaintiffs' tort claims are barred by Pennsylvania's two year statute of limitations. However, the two-year statute of limitations for torts contained in 42 Pa.

---

[4] Consequently, plaintiffs may attempt to prove their claim for punitive damages. Joseph Oat Holdings, Inc. v. RCM Digesters, Inc., 2009 WL 4895262, at *5 (D.N.J. Dec. 11, 2009) ("[A] breach of contract, even if intentionally committed, does not warrant an award of punitive damages unless the defendant also breached a duty independent of the contract. For example, punitive damages are not awarded unless the breach also constitutes a tort for which punitive damages are recoverable, or there is a fiduciary relationship between the parties.") (quoting Stony Brook Constr. Co., Inc. v. The College of New Jersey, 2008 WL 2404174, at *8 (N.J. Super. A.D. June 16, 2008)).

Cons. Stat. Ann. § 5524 is subject to the discovery rule. "It is well-established that Pennsylvania law recognizes an exception to the statute of limitations which delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Beauty Time, Inc. v. VU Skin Systems, Inc., 118 F.3d 140, 144 (3d Cir. 1997). The factual issue of when plaintiffs knew or should have known of the alleged tortious conduct committed by defendants is a question of fact reserved for the jury which should be submitted by way of Special Interrogatory. See Fine v. Chesco, 870 A.2d 850 (Pa. 2005) (The question as to when a party's injury and its cause were discovered or discoverable is for the jury.). Thus, the court must deny the Motion to preclude evidence of plaintiffs' tort claims based on Pennsylvania's two year statute of limitations and allow the jury to decide the discovery question. In this respect the Motion is **DENIED**.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge